UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE LABRIOLA and ANNA LAPINA individually and on behalf of all persons similarly situated as class representative under Illinois Law and/or as members of the Collective as permitted under the Fair Labor Standards Act,<br><br>Plaintiffs,<br><br>v.<br><br>CLINTON ENTERTAINMENT MANAGEMENT, LLC, d/b/a as THE PINK MONKEY, and John Does One and Two,<br><br>Defendants. | No. 15 C 4123<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michelle Labriola and Anna Lapina ("Plaintiffs") worked as exotic dancers at the Pink Monkey, a club owned by Defendant Clinton Entertainment Management, d.b.a. Pink Monkey ("Pink Monkey" or the "Club"). In this class action complaint against the Pink Monkey and two of its managers (collectively, "Defendants"), Plaintiffs alleged that Defendants failed to pay minimum and overtime wages and confiscated their tips, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Counts I and III), and the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.* ("IMWL") (Counts II and IV). Plaintiffs also bring common-law claims of unjust enrichment and quantum meruit based on the same allegedly unlawful conduct (Count V). Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendants' motion is denied in part and granted in part.

## BACKGROUND

The following facts are taken from the complaint and accepted as true for purposes of this motion. Plaintiffs Michelle Labriola and Anna Lapina both worked as dancers at Pink

Monkey, an exotic dance club located in Chicago, Illinois (the complaint describes this work in the past tense, but does not say whether or when Labriola or Lapina stopped working at the Club). (Am. Compl. [27] ¶¶ 12-13, 18.) Plaintiff Lapina began working as a dancer at the Club in or around August 2015, and typically worked six nights per week, averaging no less than forty hours per week. (*Id.* ¶¶ 14, 43.) Plaintiff Labriola began working as a dancer at the club in January 2015, and worked approximately eight to ten hours per day. (*Id.* ¶¶ 33-39.)

Plaintiffs allege that, during the time they worked at Pink Monkey, they were denied minimum wages and overtime pay. Between January 2015 and March 1, 2015, Defendants did not pay Labriola any wages, even though she worked approximately eight to ten hours each day during that time period. (*Id.* ¶¶ 33-39.) Labriola believes that she may have also worked overtime, but she does not know when. (*Id.* ¶ 40.) During her first three weeks of work beginning in August 2015, Lapina was similarly denied minimum wages and overtime pay, even though she worked six nights per week from 7:00 p.m. to 4:00 a.m. during her second and third weeks of work (totaling approximately 54 hours per week). (*Id.* ¶¶ 42-46.)

Plaintiffs further allege that Defendants took portions of Plaintiffs' tips. Specifically, Defendants allegedly charged Plaintiffs various amounts, including "house fees," "late fees," "exchange fees," and "credit card service fees," collecting those fees, allegedly without Plaintiffs' consent, from the tips that Plaintiffs had earned. (*Id.* ¶¶ 49, 55, 58.) On Labriola's last night of work, Pink Monkey management took a $1,000 tip that she had received from a customer. (*Id.* ¶ 101.)

Plaintiffs contend that Defendants intentionally misclassified them as independent contractors, rather than employees, despite the fact that Plaintiffs had no control over their work environment and were required to obey Defendants' rules in order to keep their jobs. (*Id.* ¶¶ 65-67.) If Plaintiffs broke the rules, or the "various policies and procedures" to which they were subject, Defendants would withhold tips they had earned during that workday. (*Id.* ¶ 67, 93.)

Plaintiff Labriola initiated this class action against Defendants on May 11, 2015. Defendants moved to dismiss her complaint [17].  While the motion was pending, Plaintiffs Labriola and Lapina filed an amended complaint, the operative pleading here.  In the amended complaint, Plaintiffs allege that Defendants violated the FLSA and IMWL by failing to provide Plaintiffs and other members of the class with minimum wages and overtime pay and by requiring Plaintiffs to pay various fees to Defendants, which were deducted from Plaintiffs' tip money.  (Am. Compl. ¶¶ 98-110.)  Plaintiffs also allege that Defendants were unjustly enriched by "receiving the value of Plaintiffs [sic] labor without providing proper compensation," and "unlawfully demanding and retaining Plaintiffs [sic] gratuities and wages." (*Id.* ¶¶ 95-96.)  As a remedy, Plaintiffs seek "unpaid back wages, in addition to wages equal to the amount they were required to give Defendant and other employees as 'dance fees' and 'DJ fees' and 'house' and/or 'floor fees,' [and] any and all other diversions or exactions of gratuities." (*Id.* at 25-26.) Defendants have again moved to dismiss pursuant to Rule 12(b)(6).  [30].

## **DISCUSSION**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012).  When ruling on such a motion, the court presumes all well-pleaded facts in the complaint to be true, and views them in the light most favorable to the plaintiff.  *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 (2007).  That is to say, while a complaint does not need detailed factual allegations, it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and mere conclusory labels or formulaic recitations of statutory elements of a claim will not suffice.  *Id.* at 546, 555 (internal citations and quotations omitted).

Defendants move to dismiss Plaintiffs' amended complaint under Rule 12(b)(6), asserting that: (1) Plaintiffs' complaint does not state a plausible claim that Plaintiffs were

3

employees of Pink Monkey, as opposed to independent contractors; (2) even if Plaintiffs were employees of Pink Monkey, Plaintiffs' complaint does not state a plausible claim that they did not receive minimum or overtime compensation to which they were entitled pursuant to the FLSA; and (3) Plaintiffs voluntarily agreed to use their alleged tip money to pay fees to Defendants, and in any event, the FLSA does not allow for the recovery of improperly shared tips. (Mot. at 2.) With respect to Plaintiffs' unjust enrichment claim, Defendants argue, the amended complaint fails to sufficiently identify the amount of tips that Plaintiffs earned or the amount of fees allegedly paid, Defendants argue. (*Id.* at 11-12.)

Before addressing these arguments, the court notes that Defendants spend a significant portion of their motion attacking factual allegations from the original complaint that do not appear in Plaintiffs' amended complaint. Because an amended complaint supersedes and replaces the original pleading, however, facts or admissions from the earlier complaint are not considered on a motion to dismiss. *Flannery v. Recording Indus. Assoc.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004); *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782-83 (7th Cir. 2013). Defendants also make repeated references to the amended complaint's "false" and "misleading" allegations, but, as mentioned above, the court does not consider the truth or falsity of Plaintiff's allegations at the motion to dismiss stage; rather, all well-pleaded facts in the complaint are presumed to be true.

## A. Plaintiffs' FLSA Claim (Counts I and III)

The FLSA requires an employer "engaged in commerce or in the production of goods for commerce" to pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206(a), and one and one-half times the employer's regular wage for hours worked in excess of forty hours per week, *id.* § 207(a)(1). An employer who violates these provisions is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." *Id.* § 216(b). Independent contractors are not subject to the FLSA's protections. *Reich v. ABC/York-Estes Corp.,* 64 F.3d

316, 322 (7th Cir. 1995); *Sec'y of Labor, U.S. Dept. of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987). Defendants assert that Plaintiffs' amended complaint fails to state a claim for liability under the FLSA because it does not contain sufficient factual allegations that Plaintiffs were employees, as opposed to independent contractors, or that Plaintiffs were denied minimum wages or overtime compensation to which they were entitled. (Mot. at 2-4.)

      **1.**      **Misclassification as Independent Contractors**

The FLSA defines an "employee" as "any individual employed by an employer"; it defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). These definitions "are broad and comprehensive in order to accomplish the remedial purposes of the Act," *Lauritzen*, 835 F.2d at 1534, and they require courts to look at the "economic reality" of the working relationship to determine whether an individual is an employee or independent contractor for FLSA purposes. *See id.*; *Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992). Under this "economic reality" standard, courts consider the following factors: (1) the employer's control over the manner in which the alleged employee performs the work, (2) the alleged employee's opportunity for profit or loss depending upon his or her skill, (3) the alleged employee's investment in equipment or materials or employment of workers, (4) whether the work requires a special skill, (5) the permanency and duration of the relationship, and (6) the extent to which the work is an "integral part" of the alleged employer's business. *Lauritzen*, 835 F.2d at 1534-35 (citing *United States v. Silk*, 331 U.S. 704, 716 (1947)).

Taking these factors into consideration, the court finds that the complaint contains sufficient facts to support Plaintiffs' claim that they were employees of Pink Monkey. The nature of Plaintiffs' alleged work by itself is sufficient to suggest an employee-employer relationship; courts have consistently held that the position of an exotic dancer does not require any specialized skill. *See Hart v. Ricks Cabaret Intern. Inc.*, 967 F.Supp.2d 901, 920 (S.D.N.Y. 2013) (compiling cases). As Pink Monkey is an exotic dance club, the court presumes that exotic dancers are an "integral part" of the Club's business. Plaintiffs, moreover, allege that

Defendants exerted complete control over Plaintiffs' work environment: Plaintiffs were required to obey various rules, policies, and procedures implemented by Defendants, and failure to adhere to these rules allegedly resulted in a monetary penalty, *i.e.,* confiscation of tips. At least some of the six factors mentioned above seem to be present in this case, making Plaintiff's claim that they were misclassified as independent contractors plausible on its face.

### 2. Unpaid Minimum Wages and Overtime Pay

If Plaintiffs were employees of Pink Monkey, they were entitled to receive minimum wage and overtime compensation under the FLSA. The complaint alleges that Defendants are liable to Plaintiffs under the FLSA because they failed to provide Plaintiffs with any minimum wage or overtime pay throughout Plaintiffs' employment. In their motion, Defendants assert that Plaintiffs have not sufficiently pleaded an unpaid minimum or overtime wage claim because the complaint does not "detail the earnings [or] the number of hours" that either Plaintiff worked in a given week. (Mot. at 13.) The complaint also lacks details about "so-called tips" that Plaintiffs received while working at Pink Monkey, Defendants contend, making it impossible to determine whether they have stated a plausible claim for unpaid wages or overtime. (*Id.* at 2, 8.)

The level of detail necessary to plead a claim for overtime wages under FLSA claim is one that has "divided courts around the country." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *see Nicholson v. UTi Worldwide, Inc.*, 3:09-cv-722-JPG-DGW, 2010 WL 551551, at *2 (S.D. Ill. Feb. 21, 2010) (compiling cases). The most common approach however, is the following: in order to survive a motion to dismiss, a plaintiff must at least allege "forty hours of work in a given work week as well as some uncompensated time in excess of the forty hours." *See, e.g., Lucero v. Leona's Pizzeria, Inc.*, No. 14 C 5612, 2015 WL 191176, at *2 (N.D. Ill. Jan. 13, 2015) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The complaint easily satisfies this pleading requirement with respect to Plaintiff Lapina; it alleges that she worked approximately 54 hours per week during her first three weeks of work beginning in August 2015, but did not receive any

6

overtime compensation during this period. Labriola's allegations are less specific; she has alleged that she began working in January 2015, worked eight to ten hours per day without pay, and "believes she could have worked overtime, which week is unknown at this time." Those allegations appear to be insufficient to establish a claim for unpaid overtime compensation. *See, e.g., Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (allegations that plaintiffs had "regularly worked" overtime, without more, was too conclusory to meet Rule 8's pleading requirements).

The court reviews Plaintiffs' minimum wage claims under a similar standard; the complaint must allege, at a minimum, the hours worked for which plaintiff seeks unpaid minimum wages, and what wages, if any, were paid. The complaint passes this threshold for both Plaintiffs by including specific factual details, such as the approximate dates Plaintiffs worked at Pink Monkey and the number of hours they worked each week for which they received no wages. The complaints at issue in the cases cited by Defendants contained fewer factual details than the complaint in this case, and, if anything, demonstrate that Plaintiffs have met the minimum pleading requirements. *See, e.g.*, *Kwan Bom Cho v. GCR Corp.*, 2013 WL 675066, at *2 (N.D. Ill. Feb. 22, 2013) (noting that FLSA plaintiffs must provide some specific facts, "such as when they worked for Defendants, what they did for Defendants, how many hours they worked, or what, if anything, they were paid"); *Wilson v. Pioneer Concepts, Inc.*, 2011 WL 3950892, at *2 (N.D. Ill. Sept. 1, 2011) (holding that plaintiff's FLSA claim did not pass muster under Rule 12(b)(6) because plaintiff did not allege that she worked any hours for which she was not compensated).[1]

---

[1] The court acknowledges that a colleague recently dismissed, without prejudice, a minimum wage claim filed by other exotic dancers against these same Defendants, noting that plaintiffs in that case had made "no allegations as to their actual earnings or the hours worked for which they seek unpaid minimum wages." *Hughes v. Scarlett's G.P.,Inc.*, No. 15 C 5546, 2016 WL 454348, *5 (N.D.Ill. Feb. 5, 2016) (St. Eve, J.). This court is satisfied that Plaintiffs here have alleged their actual earnings (that is, no wages paid by Defendants) and hours worked (they have identified specific weeks of work and made estimates of the number of hours worked in each week).

Defendants also take issue with the amended complaint's failure to disclose details about the "dance fees" or other "so-called tips" that Plaintiffs received while working at the Club, (Reply at 7; Mot. at 2), but the court fails to see how this purported omission serves as a death knell for Plaintiffs' claim that they were unlawfully denied minimum wages and overtime pay. Except under certain circumstances, tips do not offset an employer's obligation to pay wages to its employees.[2] With respect to the "dance fees" received by Plaintiffs, the complaint does not allege that Plaintiffs received any such fees, and the court will consider only those facts found in the complaint. In any event, to the extent Defendants believe that tips or dance fees offset their minimum wage liability under the FLSA, this appears to be an affirmative defense, not a basis for dismissal of the complaint. Defendants will have the opportunity to raise defenses in their answer.

### 3. Compelled Payments and Confiscation of Tips

The FLSA is "designed to protect workers from the twin evils of excessive work hours and substandard wages." *Howard v. City of Springfield,* 274 F.3d 1141, 1148 (7th Cir. 2001). Toward that end, the statute requires payment of minimum wages and overtime pay, 29 U.S.C. §§ 206, 207, and gives employees deprived of these payments the right to receive them, *id.* § 216(b). Because the FLSA only addresses minimum and overtime compensation, Defendants assert that the statute does not provide a cause of action for plaintiffs seeking the return of additional tip money from their employer or others. (Mot. at 2-3.)

The court agrees. Section 216(b) of the FLSA makes clear that employer liability under the statute is limited to unpaid minimum and overtime compensation. Plaintiffs cite no case law or other authority to support their claim that the FLSA allows employees to recover tips confiscated by their employers, and the court is not aware of any statutory provision allowing for

---

[2] Namely, under the FLSA, an employer is permitted to credit a portion of tips received by the employee against the required hourly minimum wage only if the employer first informs the employee of the statutory requirements related to such a "tip credit." 29 U.S.C. § 203(m).

such a cause of action. Section 203(m) of the FLSA addresses the circumstances under which employers can use employee tips as a "credit" to offset the required minimum wage. 29 U.S.C. § 203(m). That section also provides that employers who use tips as a credit towards an employee's minimum wage cannot retain any portion of the employee's tips. *Id.* Section 203(m), however, does not require an employer to return tip money to an employee where the employer does not claim to have used those tips to satisfy the employees' minimum wage. A Fourth Circuit case, *Trejo v. Ryman Hosp. Properties, Inc.*, 795 F.3d 442, 445 (4th Cir. 2015), cited by Defendants, provides further support that the FLSA does not provide a cause of action for recovery of tips unrelated to those to which employees are entitled to satisfy unpaid minimum or overtime compensation. In *Trejo*, hotel and restaurant servers alleged that their employers violated the FLSA by requiring them to join a tip-pooling arrangement, under which the employers took a portion of the servers' tips and redistributed them to other employees. *Id.* The servers alleged that, through this arrangement, the employers violated the FLSA by "not paying plaintiffs all their earned tips." *Id.* In dismissing the servers' claim, the court held that the FLSA does not "creat[e] a free-standing right to bring a claim for lost 'tip' wages." *Id.* at 447. Rather, it is limited to claims for unpaid minimum wages and overtime pay. *Id.* See also *Hughes,* 2016 WL 45434 at *6 (the court "is not aware . . . of any authority sustaining a standalone private cause of action for an alleged tip sharing violation under the FLSA").

      Like the plaintiffs in *Trejo*, Plaintiffs in this case allege that Defendants violated the FLSA because they did not pay Plaintiffs all of their earned tips. Instead, Defendants allegedly required Plaintiffs to use a portion of their tips to pay mandatory "dance fees," "DJ fees," "house fees," and "floor fees." Defendants also allegedly confiscated Plaintiffs' tips whenever Plaintiffs violated the Club's rules or policies. In response to Defendants' motion, Plaintiffs suggest that their claim for lost tips is actionable under the FLSA because Defendants have not yet revealed whether, pursuant to Section 203(m), they intend to rely on Plaintiffs' tips as a basis for satisfying the minimum and overtime wage requirements. But such an argument (if it is made)

9

concerning the "tip credit" provisions of FLSA, is not directly relevant to Plaintffs' claim that they are entitled to retain other tips. The court dismisses Plaintiffs' lost tip claim without prejudice as not actionable under the FLSA, and for the same reasons, dismisses Plaintiffs' FLSA challenge to Defendants' alleged seizure of a $1,000 tip that Lapina received on her last night of employment.

**B.     Plaintiffs' IMWL Claims (Counts II and IV)**

Based on the same factual allegations as their FLSA claim, Plaintiffs also allege a violation of the IMWL, 820 ILCS § 105/1, *et seq*. The IMWL parallels the FLSA, and the same analysis has generally been applied to both statutes. *See, e.g., Condo v. Sysco Corp.,* 1 F.3d 599, 601 n. 3 (7th Cir. 1993) (adopting parties' agreement that FLSA and IMWL are coextensive, as supported by the Illinois Administrative Code and Illinois case law); *Knapp v. City of Markham*, No. 10 C 03450, 2011 WL 3489788, at *8 (N.D. Ill. Aug. 9, 2011); *Ladegaard v. Hard Rock Concrete Cutters, Inc.,* No. 00 C 5755, 2004 WL 1882449, at *4 (N.D. Ill. Aug. 18, 2004) (citing *Haynes v. Tru–Green Corp.,* 154 Ill.App.3d 967, 107 Ill. Dec. 792, 507 N.E.2d 945, 951 (4th Dist. 1987)). The court thus dismisses Plaintiffs' IMWL claim based on allegedly confiscated tips and Labriola's claim based on overtime pay, but Plaintiffs' IMWL claim that they were denied minimum wages and Lapina's overtime pay claim survive Defendants' motion.

**C.     Plaintiffs' Unjust Enrichment/Quantum Meruit Claim (Count V)**

Count V of the complaint sets forth a claim for recovery under equitable theories of unjust enrichment and quantum meruit. This equitable claim is predicated on the same factual assertions as Plaintiffs' FLSA claim; Defendants failed to provide Plaintiffs with minimum wages and overtime pay, and confiscated Plaintiffs' tips via mandatory "fees," as well as by taking a large tip from Plaintiff Labriola on her last night of employment. In their motion, Defendants have addressed only the unjust enrichment theory. The court considers Plaintiffs' claim under both legal doctrines.

### 1. Unpaid Minimum Wage and Overtime Pay under the FLSA

There is a general consensus among courts in this district and elsewhere that the FLSA preempts unjust enrichment and other common law claims that are grounded in the same facts as the FLSA claim. *See, e.g.*, *Morgan v. SpeakEasy, LLC*, 625 F.Supp.2d 632, 658-59 (N.D. Ill. 2007) (dismissing plaintiff's unjust enrichment claim because it was directly covered by the FLSA); *DeMarco v. Northwestern Mem. Healthcare*, No. 10 C 397, 2011 WL 3510896, at *7 (N.D. Ill. Aug. 10, 2011) (same); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at *2 (D.N.J. Jan. 6, 2006) (citing cases). This consensus is based on "Congress' clear intent that the FLSA be 'the sole remedy available to employees for enforcement of whatever rights [the employee] may have under the FLSA.'" *Choimbol v. Fairfield Resorts, Inc.*, No. 2:05-cv-463, 2006 WL 2631791, at *5 (E.D. Va. Sept. 11, 2006) (quoting *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027 (N.D. Cal. 1972). Plaintiffs' unjust enrichment and quantum meruit claims based on alleged unpaid minimum and overtime compensation are dismissed.

### 2. Compelled Payments and Confiscation of Tips

Preemption is not an issue with respect to Plaintiffs' allegations that Defendants improperly confiscated portions of Plaintiffs' tips. As explained above, FLSA does not authorize a claim for the return of tip money unrelated to any claim for unpaid minimum or overtime wages. Unjust enrichment is described as "a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) (quoting *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.,* 271 Ill.App.3d 483, 208 Ill. Dec. 49, 648 N.E.2d 971, 977 (1995) (quoting *Charles Hester Enters., Inc. v. Ill. Founders Ins. Co.,* 137 Ill.App.3d 84, 91 Ill. Dec. 790, 484 N.E.2d 349, 354 (1985))).

Quantum meruit, meaning "as much as he deserves," is similar. The elements of a claim for quantum meruit recovery are : "the performance of services by the plaintiff, the receipt of the

benefit of those services by the defendant, and the unjustness of the defendant's retention of that benefit without compensating the plaintiff." *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir.1990). Plaintiffs' complaint, read in the most favorable light, alleges that Defendants received the benefit of Plaintiffs' exotic dancing services "without compensating [Plaintiffs]." Instead, Plaintiffs' only alleged compensation took the form of tips from customers, some portion of which were seized by Defendants as fees.[3] The motion to dismiss the claim for tip recovery is denied.

## **CONCLUSION**

Defendant's motion to dismiss [30] is granted in part and denied in part. Plaintiff Labriola's claim for overtime compensation under the FLSA and IMWL is dismissed without prejudice. Plaintiffs' FLSA and IMWL claims based on allegedly confiscated tips and their unjust enrichment and quantum meruit claims based on alleged unpaid minimum and overtime compensation are dismissed with prejudice. The motion to dismiss is otherwise denied. Defendants are directed to answer the complaint within 21 days. As Plaintiff's motions for class certification have not been briefed pending this ruling, those motions [5, 15] are stricken without prejudice to renewal. Any renewed motion for class certification must address the impact, if any, of the *Hughes* case on Plaintiffs' claim of representative status. A Rule 16 conference is set for Wednesday, April 20, 2015, at 9:00 a.m.

---

[3] The court takes notice that the plaintiffs in *Hughes* (other women who worked as exotic dancers for the Pink Monkey) attached, as an exhibit to their complaint, a lengthy document setting forth schedules of fees, "dance prices," a list of mandatory and non-discretionary tips to be collected by dancers, and a variety of other regulations. (Complaint, Exhibit A [1-1] in *Hughes v. Scarlett's G.P., Inc.,* No.15 C 5546.) Whether and to what extent that document might be relevant to Plaintiffs' claims here is not before the court, but the court cautions that allegations that are inconsistent with Plaintiffs' own understanding of Defendants' pay practices would be in bad faith.

ENTER:

Dated: March 22, 2016

_____
REBECCA R. PALLMEYER
United States District Judge